ANNA TASTO ET AL., PLAINTIFFS IN ERROR, v. HENRIETTA KLOPPING ET AL., DEFENDANTS IN ERROR.

1. The statute authorizing the docketing of judgments of courts for the trial of small causes in the Court of Common Pleas, requires that an execution shall have been issued and returned by the officer, endorsed to the effect that he could not find any personal property of the party against whom the execution was issued on which to levy, or that he has levied and sold goods and chattels, and has made thereof part of the judgment, stating the balance still unsatisfied.

2. A return made by the officer, "I return the within execution, after searching the premises, dissatisfied, not finding any goods to cover the above sum and costs," is not a compliance with the statute.

---

In error to the Supreme Court.

For the plaintiffs in error, *M. T. Newbold.*

For the defendants in error, *E. S. Gillmore.*

The opinion of the court was delivered by

THE CHANCELLOR. The writ of error brings up for review the judgment of the Supreme Court denying the validity of certain proceedings taken to do so in the Court of Common Pleas, a judgment of the court for the trial of small causes. The act under which the proceedings were taken provides that " when a judgment is obtained in any court for the trial of small causes for an amount not less than ten dollars, including costs, and execution shall issue thereon and be returned by the constable to whom it has been delivered to be executed, endorsed to the effect that he could not find any personal property of the party against whom the execution was issued, on which to levy, or that he had levied and sold goods and chattels, and had made thereof part of said judgment, and that the same was not fully satisfied, and stating the balance still unsatisfied, the clerk of the Court of Common Pleas of the county where such judgment was obtained, upon the request of the person or persons obtaining such judgment, and upon filing in his office a transcript of the proceedings from the docket of the justice of the peace before whom such judgment was obtained, under the hand and seal of said justice, and a certified copy of the state of demand and set-off filed in said action, with a certified copy of the return of the constable, and also an oath or affirmation of the party, his or their attorney or agent, making such request, that at the time of filing such transcript, a certain amount, not less than ten dollars, is still due, stating the amount, and that he believes the debtor is not possessed of goods and chattels sufficient to satisfy said amount due, shall enter in the docket provided for that purpose the transcript of such judgment, in words at length, containing the name of the justice of the peace before whom the judgment was obtained, the names at length of the parties to said judgment, the style of the action, the date of

the judgment, the amount recovered, with costs, the substance of the return of the constable, and the amount stated to be due in the affidavit." *Rev., p.* 552, § 72. It will be seen that the act declares the following requisites to docketing: that the judgment shall not be for less than $10, including costs, and that execution has been issued thereon, and returned by the officer endorsed to the effect that he could not find any personal property of the party against whom the execution was issued on which to levy, or that he has levied and sold goods and chattels, and has made thereof part of the judgment, stating the balance still unsatisfied. The duties of the clerk in the matter are not judicial, but merely ministerial. He is not to adjudge anything. He is merely, at the request of the party obtaining the judgment, and on filing certain designated papers, to make certain specified entries. The statute (section 73) declares that the judgment shall, from the time of docketing, operate as a judgment originally obtained in the Court of Common Pleas in a suit commenced therein, and that the execution issued thereon shall be of the same effect as to the property of the debtor, either of a personal or real nature, as if issued on a judgment originally obtained in the Court of Common Pleas in a suit commenced therein. The proceeding is a wholly *ex parte* one, by which the judgment of one court is, by the action of the plaintiff, made the judgment of another, with consequent important advantages. No action of the latter court, nor of any court, is necessary or appropriate. The proceeding involves no adjudication whatever, but is taken wholly on the action of the plaintiff himself, who is thus enabled to convert his judgment, which is no lien on lands, into one which is such lien. The rule that, in special statutory proceedings, it must appear on the certificate or record that everything was done which the statute requires, is a familiar one, and is applicable. The statute requires that an execution shall have been issued, and returned by the officer endorsed to the effect that he could not find any personal property of the party against whom the execution was issued on which to levy, or that he has levied and sold goods and chattels, and has

made thereof part of the judgment, stating the balance still unsatisfied. But the return here is as follows : " I return the within execution, after searching the premises, dissatisfied, not finding any goods to cover the above sum and costs." The sum referred to, written above the return, is the amount of the judgment and costs. This return is not a compliance with the statute. It is not that the officer could find no property, but, in effect, merely that he could not find enough to pay the entire amount of the execution. Inasmuch as one of the requisites of the docketing is absent, the docketing is void.

The judgment of the Supreme Court should be affirmed.

*For affirmance* — THE CHANCELLOR, DEPUE, DIXON, PARKER, REED, SCUDDER, VAN SYCKEL, CLEMENT, COLE, DODD, GREEN, LATHROP, WHITTAKER. 13.

*For reversal*—None.